UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 25-cr-253 (DLF) |
| ) | |
| VICTOR RENATO BLYTHE ) | |

### MOTION FOR RELEASE

Victor Blythe, by and through counsel, respectfully requests that the Court reconsider releasing Mr. Blythe based upon a change in circumstances. For the reasons stated below and for the reasons already stated in Mr. Blythe's original motion for release and appeal of detention order, the Bail Reform Act requires release.

Since the last hearing on Mr. Blythe's request for release on September 10, 2025, ███████████████████████████████████████████████████████████████████████████████████████████████████████████

In addition, the Court has now heard testimony and viewed body worn camera (BWC) that corroborate that Mr. Blythe is not someone who would violate the Court's orders as he was docile and compliant with agents on the day they executed a search warrant at his residence.

---

[1] Undersigned counsel just received records from the Department of Corrections on November 21, 2025, despite requesting them immediately after the last hearing. We are still awaiting records from Howard University Hospital. Counsel worked to file this motion as soon as possible having just received the records and having other court hearings during the day.

1

Furthermore, the Court has now heard testimony and evidence that Mr. Blythe's Fifth Amendment rights were violated as a result of the execution of this warrant.

Lastly, the proposed plan for release has changed so that Mr. Blythe can reside at a Maryland address under the supervision of his siblings who assure the Court that their brother will not have access to any electronic devices while on release. This Maryland address will also permit home visits by pretrial services, something that the DC pretrial agency has advised it does not provide.

## **LEGAL AUTHORITY**

While the Rules of Criminal Procedure do not explicitly provide for motions to reconsider, such motions are properly entertained in criminal cases. *See, e.g., U.S. v Sunia*, 643 F. Supp 2d 51, 60 (D.D.C. 2009), *U.S. v Slough*, No. CR 08-360 (RCL), 2014 WL 3734139, *2 (D.D.C. July 29, 2014), *U.S. v Cabrera*, 699 F. Supp. 35, 40 (D. D.C. 2010). In deciding motions for reconsideration in criminal cases, the courts apply the same standard applicable in civil cases under F. R. Civ. P 59(e). *U.S. v Sunia*, 643 F. Supp 2d at 60 and *U.S. v Slough*, 2014 WL 3734139 at *2, and look at whether justice requires reconsideration. As the Court articulated in *Slough* at *2, "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances," citing *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). "Moreover, "[e]ven if the appropriate legal standard does not indicate that reconsideration is warranted,

2

the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Sunia* at 61, citing *Isse v American Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008). Moreover, in the context of the Bail Reform Act, it is sufficient to show that there is "information that was not known to the movant at the time of the hearing and that has a material bearing" on the detention question. *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020).

## ARGUMENT

In addition to other reasons already discussed, Mr. Blythe should be released because the D.C. Department of Corrections is no longer a safe environment. ███

███████████████████████████████████████████████
█████████████████████████████ ██ ███████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████ ██ ██████████████████████████████████████
███████████████████████████████████
      █████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████



Given all of the factors under the Bail Reform Act, Mr. Blythe's personal safety outweighs any of the other concerns regarding the nature and circumstances of the offense. In addition, the weight of the evidence analysis has changed given the litigation regarding Mr. Blythe's motion to suppress evidence. If the Court agrees and suppresses the evidence requested, Mr. Blythe will face possession charges rather than distribution charges.

Lastly, given all that has transpired, Mr. Blythe would not risk violating any conditions of release only to be sent back to a facility where he almost died. The Court has observed him on BWC and has seen the support of his family at every hearing and can be further assured that he will abide by all conditions.

### Proposal for Release

Mr. Blythe would reside at the home of Karen Whiteside in Laurel, MD, where he could be courtesy supervised and where home visits can be conducted. There are no minor children at this residence where he would be confined to and subject to

location monitoring. Mr. Blythe's older brother, Bob Blythe, would share the third-party custodian role with Ms. Whiteside since they both work and have different schedules. At no time will Mr. Blythe be left in the home with electronic devices and those devices will be locked in other rooms overnight. Ms. Whiteside and Mr. Blythe will install Ring cameras to monitor any packages that come and go and ensure also that their brother does not leave the home.

## CONCLUSION

For these reasons, Mr. Blythe respectfully requests that the Court deny the government's request to detain him pending trial and order that he be released to HISP under the custody of suitable third-party custodians with the stringent conditions outlined above.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Maria_Jacob@fd.org